UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LARRY MANZANAREZ, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | No. 19-11724 |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL. | SECTION I |

### ORDER & REASONS

Before the Court is plaintiffs, Larry Manzanarez and Leonel Manzanarez's (collectively, the "plaintiffs"), second motion[1] to remand the above-captioned matter to Louisiana state court. For the following reasons, the motion is granted.

### I.

This case arises out of a motor vehicle accident involving the plaintiffs that occurred on October 18, 2017.[2] The plaintiffs sued four defendants in the Civil District Court for the Parish of Orleans, alleging that the accident occurred as a result of the negligence of defendant John Lenard Grube ("Grube"), who was allegedly working as an employee for defendant JLB Contractors, LLC ("JLB Contractors") at the time of the accident.[3] On February 14, 2019, JLB Contractors and defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") removed the case to federal court for the first time on the basis of federal diversity jurisdiction.[4] On March 21, 2019, this Court

---

[1] R. Doc. No. 1.
[2] CV 19-1387 R. Doc. No. 1-9, at 2.
[3] *See id.* at 2–3.
[4] CV 19-1387 R. Doc. No. 1.

granted the plaintiffs' first motion to remand for lack of subject matter jurisdiction because JLB Contractors and Liberty Mutual could not prove by a preponderance of the evidence that the amount in controversy exceeded $75,000 exclusive of interest and costs.[5]

On July 11, 2019, plaintiffs supplemented their discovery responses to provide their medical records and billing statements.[6] On July 15, 2019, Grube, who was previously served by long-arm service, answered plaintiffs' Petition for Damages.[7] JLB Contractors, Liberty Mutual, and Grube are represented by the same counsel ("defense counsel").[8] On July 17, 2019, defense counsel removed the case to federal court a second time on the basis of federal diversity jurisdiction by filing a Petition for Removal ("the Petition").[9]

On August 15, 2019, plaintiffs filed the instant motion arguing that the Petition is procedurally defective because JLB Contractors and Liberty Mutual did not provide Grube's written consent to removal when he was a properly joined and served defendant.[10] A fourth defendant, Idealease Services, Inc., is named in the complaint, but has not been served.[11]

---

[5] *See Manzanarez v. Liberty Mut. Fire Ins. Co.*, No. 19-1387, 2019 WL 1292981 (E.D. La. Mar. 21, 2019).
[6] R. Doc. No. 1-24.
[7] R. Doc. No. 5-2, at 58–63.
[8] *See* R. Doc. No. 1, at 3; R. Doc. No. 1-4, at 2.
[9] R. Doc. No. 1.
[10] R. Doc. No. 5.
[11] CV 19-1387 R. Doc. No. 1-9; R. Doc. No. 5-1, at 4 n.16.

## II.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

To remove a case from state to federal court, a defendant must file a notice of removal. 28 U.S.C. § 1446(a). This notice must be filed within thirty days of service on the first defendant, provided the case is then removable. 28 U.S.C. § 1446(b); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262–63 (5th Cir. 1988). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper'" 28 U.S.C. § 1446(c)(3)(A).

Pursuant to 28 U.S.C. § 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. It is uncontested that the parties are completely diverse, as the plaintiffs are both Louisiana citizens, and JLB Contractors, Liberty Mutual, and Grube are foreign citizens.[12] It is similarly uncontested that the medical records and billing statements provide sufficient evidence that the amount in controversy exceeds $75,000 and constitute an "other paper" under 28 U.S.C. § 1446(b)(3) sufficient to trigger the thirty-day period in which the defendants could file a notice of removal.[13] Therefore, all served defendants, JLB Contractors, Liberty Mutual, and Grube, had until August 10, 2019 to file or consent to a proper notice of removal.[14]

The Fifth Circuit has interpreted 28 U.S.C. § 1446 to require that all properly joined and served defendants expressly consent to removal, even if a subsequent defendant is joined after the thirty-day period to remove has begun. *Getty Oil*, 841 F.2d at 1262–63. If a properly joined and served defendant fails to consent, the petition is defective and requires remand. *Id.*; *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011). Under the "rule of unanimity," it is not necessary for each defendant to sign the notice of removal, "but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act

---

[12] *See* CV 19-1387 R. Doc. No. 1-9, at 1; R. Doc. No. 1, at 2–3.
[13] R. Doc. No. 1, at 2; R. Doc. No. 5-1, at 4–5.
[14] Defendants had thirty days from July 11, 2019, the day they received plaintiffs' medical records and billing statements, to file a notice of removal. 28 U.S.C. § 1446(b)(3).

4

on its behalf in this respect and to have authority to do so[.]" *Getty Oil*, 841 F.2d at 1262 n.11; *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002).

Conclusory statements alleging that all defendants consented to and joined in the removal without reference to any authority to give such consent are insufficient and require the case to be remanded. *See Getty Oil*, 841 F.2d at 1263 n.12 (holding that an allegation that the non-consenting defendant "do[es] not oppose and consent[s] to this Petition for Removal" without stating any basis for the allegation is insufficient); *Brantley v. Pacific Pioneer Shipping*, No. 09-3006, 2009 WL 1458258 at *2 (E.D. La. May 21, 2009) (Lemmon, J.) (holding remand to be proper where the notice of removal only stated that "[a]ll defendants to this proceeding have expressly consented to removal of this case to this court" without written indication from each served defendant that each actually consented or that counsel was authorized to and was acting on their behalf); *Williams v. Hoyle*, No. 08-1298, 2008 WL 11354996, at *2 (E.D. La. May 30, 2008) (Zainey, J.) (finding the allegation that "[a]ll defendants, served or unserved, consent to removal" to be insufficient under § 1446 as interpreted by the Fifth Circuit).

Consent or joinder will not be implied simply because consenting and non-consenting defendants have the same attorney. *Garner v. Hyken*, No. 10-4135, 2011 WL 1002098, at *2–3 (E.D. La. Mar. 18, 2011) (Vance, J.) (finding that the attorney representing both consenting and non-consenting defendants should have made sure that the non-consenting parties filed a written consent to removal once they were served within the thirty-day period); *Royal v. Fontenot*, No. 09-0835, 2010 WL

5

4068868, at *2–3 (W.D. La. Oct. 14, 2010) (holding that even though the same attorney represented both the defendant in his personal capacity and as president of defendant-company, remand was proper because the notice of removal did not allege the defendant was acting on behalf of or with the authorization of the defendant-company, the notice did not include any language that the defendant-company consented to the removal, and defense counsel did not sign the document as a representative for defendant-company); *Morales v. Shaffer*, No. 07-3054, 2007 WL 3237457, at *3 (E.D. La. Oct. 31, 2007) (Vance, J.) (holding that the petition for removal was deficient because even though it "demonstrated clear awareness of the other defendants in the action by including statements about their citizenship status" and consenting and non-consenting defendants had the same counsel, the petition failed to indicate that any of the other defendants had authorized the consenting-defendants to remove the case on their behalf"); *Granderson v. Interstate Realty Management Co.*, No. 5:06cv100-DCB-JMR, 2006 WL 3422359, at *2 (S.D. Miss. Nov. 27, 2006) (holding that "the simple fact that the consenting and non-consenting defendants have the same attorney does not create an implied joinder or consent").

"Exceptional circumstances" may permit removal even when proper notice of removal is not filed within the thirty-day period. *Getty Oil*, 841 F.2d at 1263 n.12 (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986)); *Ortiz*, 431 F. App'x at 307–308; *Gillis*, 294 F.3d at 759. "[T]hose instances where [the Fifth Circuit] has exercised its equitable powers to permit a party to consent to removal outside of the statutorily prescribed time frame often concern plaintiff conduct, and not untimely

6

consent to removal by a defendant." *Ortiz*, 431 F. App'x at 307. The Fifth Circuit and its respective district courts have found such exceptional circumstances when the plaintiff acted in bad faith and prevented removal, which resulted in forum manipulation. *See Gillis*, 294 F.3d at 759 (finding an exceptional circumstance when the non-consenting defendant did not file its timely consent because consent could only be obtained at a board meeting, and one plaintiff, a member of the defendant-board, purposefully caused scheduling conflicts so authorization to consent could not be given before the thirty-day period expired); *Ortiz*, 431 F. App'x at 307–308 (finding no exceptional circumstances when the defective notice involved untimely consent to removal by a defendant, not plaintiff misconduct); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) (holding there was no exceptional circumstance when plaintiffs took no action preventing the defendant from obtaining consent from all served defendants); *Alford v. Chevron U.S.A., Inc.*, No. 13-5457, 2014 WL 37600, at *7–8 (E.D. La. Jan. 6, 2014) (Vance, J.) (finding no exceptional circumstances when plaintiffs failed to file an affidavit of service on a defendant in the state court record because there was no evidence that plaintiffs acted in bad faith and the defendant had three weeks after filing its notice of removal to discover that the other defendant had been served and amend or supplement its notice); *Turner v. Mine Safety Appliances Co.*, No. 01-0325, 2001 WL 456351, at *3 (E.D. La. Apr. 27, 2001) (Vance, J.) (finding no exceptional circumstances because there was no evidence of forum manipulation or bad faith).

## III.

As stated previously, the Petition was filed on July 17, 2019, within the thirty-day period for removal.[15] Plaintiffs argue the Petition was defective because Grube did not join in the notice of removal or provide his written consent.[16] Defendants argue in response that the Petition was filed on behalf of all three defendants, and therefore all three defendants consented to the removal.[17]

Defense counsel signed the Petition as counsel for all three defendants, but did not otherwise indicate that Grube consented to the removal.[18] The Petition repeatedly characterizes JLB Contractors and Liberty Mutual each as a "removing party" while not attributing the same to Grube.[19] JLB Contractors and Liberty Mutual demonstrate a clear awareness of Grube by including a statement about his citizenship status, but fail to specify that he authorized them to remove the case on his behalf.[20]

Defendants argue in response, without citing any authority, that because plaintiffs knew before they filed their first motion to remand that the amount in controversy would likely exceed $75,000, "[t]o remand the case now would be to

---

[15] R. Doc. No. 1.
[16] R. Doc. No. 5-1, at 1, 5–7.
[17] R. Doc. No. 7, at 1. Defendants contend that "[i]f every instance which mentions the defendants does not list all three of these, it doesn't remove or negate that consent." *Id.* at 1.
[18] R. Doc. No. 1, at 3.
[19] *Id.* at 2–3. The Petition describes the suit as "one which has become removable by [JLB Contractors] and [Liberty Mutual]," but fails to mention Grube. *Id.* at 3.
[20] *Id.*

8

reward this type of misrepresentation to the Court in deliberately hiding from the Court and defendants their knowledge of the extent of their injuries."[21] Even assuming, *arguendo*, that plaintiffs did deliberately hide the extent of their injuries in bad faith, their actions did not prevent defense counsel from filing written consent on behalf of Grube or from discovering that Grube had been served. Defense counsel had from July 15, 2019 to August 10, 2019, to file its Petition and either join Grube in the Petition or file a separate notice of consent on his behalf. Defense counsel failed to do so, and therefore the Petition is defective and requires that the case be remanded to state court.

IV.

Accordingly,

**IT IS ORDERED** that Larry Manzanarez and Leonel Manzanarez's motion to remand is **GRANTED** and that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, August 26, 2019.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. No. 7, at 2–3.